IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 21-00298 MV |
| vs. | ) | |
| | ) | |
| ZAKRI SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE, *NUNC PRO TUNC,* IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States submits this response in opposition to Defendant's request for early termination of the remaining portion of his supervised release in this matter. The United States requests that the Court deny Defendant's motion.

## BACKGROUND

1.     On March 12, 2021, a federal grand jury indicted Defendant, alleging a single violation of Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924. Doc. 18. The bases for Defendant's prohibited status included his prior felony convictions, as well as his prior misdemeanor conviction for domestic violence. *Id.*

2.     On November 2, 2021, Defendant entered a guilty plea to the indictment under the terms of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Doc. 30.

3.     On May 25, 2022, the Court sentenced Defendant to a term of imprisonment of 37 months, to be followed by three years of supervised release. Doc. 44. In December 2022,

Defendant was released to the residential reentry center to finish the last few months of his Bureau of Prisons (BOP) sentence in the community. Defendant's supervision commenced in March 2023. As of this writing, Defendant has served just over two years of his three-year term.

4.      In support of his motion for early termination, Defendant points to his successful completion of a six-month in-patient treatment program at Four Winds Behavioral Health and his successful transition to Oxford House. At the time of his filing, Defendant had been residing at Oxford House for approximately 14 months.  Additionally, Defendant cites negative drug tests, steady employment, current child support payments, and his progress toward obtaining a degree. Doc. 47.

## ARGUMENT

The Court may terminate a term of supervised release after a defendant has served one year under supervision, if doing so is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). This is a multi-step analysis. The court should first consider the pertinent factors outlined at 18 U.S.C. § 3553(a), then the conduct of the defendant while under supervision, and finally, the interest of justice. *See United States v. Gutierrez*, 925 F. Supp. 2d 1196, 1200 (D.N.M. 2013). The burden rests with Defendant to convince the Court that early termination of his supervision is warranted. *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) ("It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release."). On balance, these factors do not support Defendant's request for early termination. Accordingly, the United States requests the Court deny Defendant's motion.

There is no doubt that Defendant has made significant progress while on supervised release and should be commended for his diligence. There remains, however, some concerns and

outstanding obligations that require the United States to request that Defendant remain on supervised release.

The United States conferred with Defendant's supervising officer, Probation Officer, Karina Villalobos. As noted in Defendant's motion, Officer Villalobos is not in favor of early termination. While Officer Villalobos readily agrees with Defendant's progress on supervised release, she notes some outstanding obligations, as well as his current living arrangement, neither of which support early termination.

First, Officer Villalobos notes that Defendant has failed to register his vehicle, which he purchased approximately one year ago. Reportedly, Defendant lacks the financial means to complete his registration and has been driving his vehicle unregistered. As a result, Defendant is driving his vehicle in violation of New Mexico state law. *See* N.M.S.A. §§ 66-3-1010.3.

Second, Defendant is still residing at Oxford House. While this is no doubt providing support toward maintaining his sobriety, Defendant has not obtained the financial stability needed to obtain his own residence. Meaning, even though Defendant has made great strides under supervision, he has not fully reintegrated back into society. This should be accomplished while he remains under supervision; particularly because Defendant's eventual transition out of the sober living environment will no doubt present challenges.

In summary, Defendant's conduct on supervision has not reached full compliance and early termination will neither serve the interest of justice, nor be in Defendant's best interest.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Electronically filed May 20, 2025*
SARAH MEASE
Assistant United States Attorney
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that on the foregoing
pleading was electronically filed through
CM/ECF, which caused counsel of record
to be served by electronic means.

*/SJM*_____
Sarah J. Mease